UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON SAUBER and MIGUEL TORRES, on behalf of themselves individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OUTFOX HOSPITALITY LLC; FOXTROT RETAIL, INC.; and DOM'S MARKET LLC, | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

1

Aaron Sauber and Miguel Torres (together, the "Plaintiffs"), on behalf of themselves and a putative class of similarly situated former employees as defined herein, bring this suit against Outfox Hospitality LLC, Foxtrot Retail, Inc., and Dom's Market LLC (collectively the "Defendants" or "Foxtrot") by way of this Class Action Complaint against Defendants, allege as follows:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 USC § 2101-2109 (the "WARN Act") and the Illinois Worker Adjustment and Retraining Notification Act, 820 ILCS 65/1 et seq. ("IWARN"), by the Plaintiffs on their own behalf and on behalf of the other similarly situated persons against Defendants, based upon Defendants' failure to provide notice of mass layoffs.

2. On or about April 23, 2024, Defendants made a mass layoff and/or plant closing by unilaterally and without notice shutting down all thirty-three Foxtrot's retail locations and both Dom's Market locations ("Stores") without any notice to employees.

3. Defendants failed to provide 60 days advance written notice as required by the WARN Act, 29 USC § 2101 et seq., to the affected employees.

4. On April 23, 2024, Defendants informed the affected employees that their services would no longer be required and that they were not required nor allowed to report for work.

5. Because of the April 23, 2024, terminations, Defendant's reduction in forces constituted a mass layoff or plant closing which became effective on April 23, 2024. As such, Plaintiffs and other similarly situated employees, should have received the full protection afforded by the WARN act.

## JURISDICTION AND VENUE

6. This Court has Jurisdiction over this matter pursuant to 28 U.S.C § 1331, 1337 and 29 U.S.C. § 2104(a)(5).

2

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in this District, and Defendants' place of business is located within this District.

## PARTIES

9. Plaintiff Aaron Sauber ("Sauber") is a citizen of the United States and resident of Cook County, Illinois. Plaintiff Sauber was employed at Dom's Kitchen & Market at 1233 N Wells St. Chicago, IL, at all relevant times. Plaintiff is an "aggrieved employee" within the meaning of 29 USC § 2104(a)(7).

10. Plaintiff Miguel Torres ("Torres") is a citizen of the United States and resident of the District of Columbia. Plaintiff Torres was employed by Defendants at the Adams Morgan location in Washington, D.C. at all relevant times. Plaintiff is an "aggrieved employee" within the meaning of 29 USC §2104(a)(7).

11. Defendants Foxtrot and Dom's (merged last year under the Outfox Hospitality brand) are Illinois corporations that operate coffee shops, grocery stores, and supermarkets within Illinois, Texas, and Washington, D.C.

12. At all relevant times, Plaintiffs and putative class members were employees of Defendants for the purposes of the WARN Act. Plaintiff Sauber and putative Illinois class members (defined below) were employees for the purposes of IWARN.

13. At all relevant times, Defendants employed more than 100, excluding employees who had worked less than six months or those who averaged less than twenty hours of work per week.

**FACTS**

14. Defendants engaged in the business of operating coffee shops, supermarkets, and retail establishments. Defendants employed a large number of clerks, shopkeepers, and various other staff roles to maintain operations of their stores.

15. Plaintiff Torres was informed, as recently as April 20, 2024, that the company would be allowing inventory to run low to show a greater profit margin than it otherwise could. Plaintiff Torres was told by his store manager that this was a tactic to spur investors to provide additional cash for the company's operations.

16. At this time Plaintiff Torres, along with all the workers at his location, were likewise assured that their positions were secure and that they would have "plenty of notice" if they were to be terminated at some point in the future.

17. On April 23, 2024, Defendants notified employees that they would be ceasing operations and that employees would not be permitted to work scheduled shifts on April 24, 2024. Defendants emailed employees notifying them of this.

18. Plaintiffs Torres and Sauber were both terminated without prior notice on April 23, 2024.

19. The April 23, 2024, mass layoff resulted in loss of employment for all store employees at all Foxtrot and Dom's locations.

20. Defendants did not provide sixty days WARN Act Notice or as much notice as practicable under the circumstances as required by 29 USC § 2101 et seq., nor was any notice provided under IWARN, even though Defendants planned to close all locations and abolish, terminate, and/or layoff the full-time employees employed there.

21. Defendants did not provide any WARN Act and/or IWARN Notice to State dislocated worker units and local governments.

4

22. Upon information and belief, Defendants began negotiating and/or planning the early, voluntary termination of their operations.

23. Upon information and belief, no circumstances existed that would have permitted Defendants to eliminate the notification period as provided in the WARN and IWARN Acts.

24. By failing to provide its affected employees who were temporarily or permanently terminated on April 23, 2024, with WARN Act Notices and other benefits, Defendants have acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the statute.

## **RULE 23 CLASS ACTION ALLEGATIONS**

25. Plaintiffs bring their WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the Nationwide Class ("Nationwide Class"), defined as follows:

> All employees of Defendants whose employment was permanently terminated on April 23, 2024, or whose employment was terminated as a reasonably foreseeable consequence of the mass layoff on April 23, 2024, who are aggrieved employees as per 29 USC §2104(a)(7).

26. Plaintiff Sauber brings his IWARN Act claim on behalf of the Illinois Subclass ("Illinois Subclass"), defined as follows:

> All Illinois residents employed by Defendants whose employment was permanently terminated on April 23, 2024, or whose employment was terminated as a reasonably foreseeable consequence of the mass layoff on April 23, 2024.

27. Class Action treatment of Plaintiffs' WARN Act and IWARN claims are appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

   a. The class and subclass include at least hundreds of class members, and, as such, are so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

5

    b. Questions of law and fact are common to the class / subclass, including, whether Defendants provided adequate notice of its mass layoff under the WARN Act, 29 USC § 2102. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2).

    c. Plaintiffs are a member of the class and Plaintiff Sauber is a member of the Subclass, and their claims are typical of the claims of other class members. Plaintiffs have no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3).

    d. Plaintiffs will fairly and adequately represent the class and its interests. Moreover, Plaintiffs have retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4).

28. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

29. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the class as a whole.

30. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

## VIOLATIONS OF THE FEDERAL WARN ACT
## COUNT I
## (ON BEHALF OF THE NATIONWIDE CLASS)

31. Plaintiffs re-allege and incorporate all preceding paragraphs as if set forth in full here.

32. Defendants are an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

33. Plaintiffs and those they seek to represent were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

34. The April 23, 2024, closing of Defendants' facilities constituted a "mass layoff" as defined in 29 USC § 2101(a)(3) in that it was a reduction in force, not the result of a single plant closing, resulting in the loss of employment of at least one-third of all employees and over fifty employees. The mass layoff is anticipated to be permanent and therefore meet the 30-day requirement.

35. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 USC § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 USC §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 USC § 2102(a)(2).

36. On information and belief, Defendants did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiffs and those they seek to represent, as that term is defined in 29 U.S.C § 2101(a)(5), nor upon information and belief did Defendants give any prior written notice to relevant state and local government regulators within which the mass layoff was ordered.

37. Defendants violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 USC § 2102(a), which began on April 23, 2024, and which was continuing as of the filing of this complaint. As such, Plaintiffs and those they seek to represent are "aggrieved employees" within the meaning of the WARN Act, 29 USC § 2104(a)(7).

38. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 USC § 2102. *See* 29 USC § 2104(5).

39. Moreover, Defendants' violations of the WARN Act were not in good faith, and Defendants had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 USC § 2102.

**VIOLATIONS OF THE ILLINOIS WARN ACT**
**COUNT II**
**(ON BEHALF OF THE ILLINOIS SUBCLASS)**

40. Plaintiffs incorporate the above paragraphs as though fully set forth herein.

41. Defendants violated the Illinois WARN Act, 820 ILCS 65/5 et seq., by not providing 60 days advance written notice of termination to employees as required by law.

42. On information and belief, more than 1,000 employees were terminated from Defendants' Retail Stores, including Plaintiff Sauber, were "affected employees" as defined by 820 ILCS 65/5(a).

43. At all relevant times, Defendants were "employers" as defined by IWARN, 820 ILCS 65/5© and continued to operate as a business until the mass layoff of April 23, 2024.

44. The mass layoff resulted in "employment losses," as per 820 ILCS 65/5(b) for at least half of Defendants' workforce during a 6-month period. The cessation of Defendants' operations is anticipated to be indefinite.

45. No store employees were provided notice before the mass layoffs on April 23, 2024.

46. Defendants' actions on April 23, 2024, constitute a "mass layoff" and/or "plant closing" as per Illinois WARN ACT, 820 ILCS § 65/5(d), (f).

47. Plaintiff Sauber and Illinois Subclass members were terminated by Defendants without cause, as part of or as the reasonably foreseeable consequence of the mass layoff by Defendants.

48. Defendants failed to pay Plaintiff Sauber and members of the Illinois Subclass their respective wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, and/or accrued PTO for 60 days following termination.

49. Upon information and belief, Defendants failed to provide employee benefits or contribute to 401(k) and pension accounts for 60 days prior to and after terminating employees.

50. Defendants violated the Illinois WARN Act, 820 ILCS 65/5, et seq., by failing to give Plaintiff Sauber and all members of the Illinois Subclass at least sixty (60) days prior written notice of termination before suspending operations.

51. Defendants have failed to and refuse to pay Plaintiff Sauber and all members of the Illinois Subclass the amount of pay and benefits owed to them under the Illinois WARN Act.

52. Defendants have willfully violated the Illinois WARN Act.

53. By failing to provide statutory notice, Defendants willfully violated IWARN, 820 ILCS 65/5 et seq.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. Certification of the Nationwide Class and Illinois Subclass as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiffs as a representative of the Class, with Plaintiff Sauber as representative of the Subclass, and their counsel of record as Class Counsel;

2. A declaration that Defendants have violated the WARN Act and the Illinois WARN Act;

3. A judgment against Defendants and in favor of Plaintiffs and those they seek to represent for back pay to the fullest extent permitted by law and equity;

4. A judgment against Defendants and in favor of Plaintiffs and those they seek to represent for the loss of benefits, including, but not limited to, wages that would have been paid during the Notice Period to Plaintiffs and those they seek to represent, to the fullest extent allowable under law;

5. A finding that Defendants' violations of the WARN Act and Illinois WARN Act were and are willful, not in good faith, and that Defendants had no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act and Illinois WARN ACT;

6. A judgment against Defendants and in favor of Plaintiffs and those they seek to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 USC § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendants for civil penalties to the fullest extent allowable under the WARN Act, 29 USC § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper.

Date: April 25, 2024　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Jason S. Rathod
　　　　　　　　　　　　　　　　　　　　　Jason S. Rathod
　　　　　　　　　　　　　　　　　　　　　Nicholas A. Migliaccio
　　　　　　　　　　　　　　　　　　　　　MIGLICACCIO & RATHOD LLP
　　　　　　　　　　　　　　　　　　　　　412 H St NE, Suite 302
　　　　　　　　　　　　　　　　　　　　　Washington DC 20002
　　　　　　　　　　　　　　　　　　　　　Telephone (202) 470-3520
　　　　　　　　　　　　　　　　　　　　　jrathod@classlawdc.com